■ PSKW, LLC, Appellant, v McKESSON SPECIALTY ARIZONA, INC., Respondent. [995 NYS2d 14]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 24, 2013, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing the cause of action alleging misappropriation of ideas, unanimously reversed, on the law, with costs, and the motion denied.

Plaintiff developed a system, employing the pharmacy adjudication computer network, whereby a pharmacy could process an insurance claim for a prescription product and submit a secondary claim to the pharmaceutical manufacturer for the

consumer's copayment obligation, which would afford the consumer an offset of all or part of his or her copayment at the time of the purchase. Plaintiff maintains that this system was unique because, unlike other pharmaceutical rewards products offered in the marketplace at the time, it provided the consumer with a co-pay offset for a specific product, thereby building brand loyalty to the product for the manufacturer. Plaintiff contends that in around 2004 it approached defendant, which provides pharmacy adjudication services, about implementing the system, and defendant misappropriated the system after signing a nondisclosure agreement.

The record raises issues of fact as to whether plaintiff's system was novel (see Nadel v Play-By-Play Toys & Novelties, Inc., 208 F3d 368, 378 [2d Cir 2000]). Defendant asserts that in 1999 the National Council for Prescription Drug Programs (NCPDP), the organization that sets standards for the pharmacy adjudication system, issued standard 5.1, which allowed pharmacists submitting claims through the pharmacy adjudication network to submit claims for a single prescription to multiple payers. Defendant contends that NCPDP 5.1 made plaintiff's system obvious and therefore not novel.

However, defendant's expert erroneously asserted that plaintiff did not claim in its interrogatory answers that a pharmaceutical manufacturer's ability to limit use of the reward to a specific product was an element of its idea. Thus, the expert only opined that linking a reward card to the pharmacy adjudication network, to split a claim between an insurer and the pharmaceutical manufacturer so that the claim submitted to the latter could be adjudicated in real time and the reward realized at the pharmacy counter, was not novel. He did not opine that the pharmaceutical manufacturer's ability to restrict use of the reward to the specific product for which the claim was submitted—an integral element of plaintiff's system for building brand loyalty—was not novel.

Any opinion that the integral element of plaintiff's system was not novel would conflict with plaintiff's expert opinion that the system was novel. Moreover, plaintiff submitted testimony by defendant's executives characterizing the system as novel and a patent application by three of defendant's employees for an invention incorporating the system. Concur—Tom, J.P., Renwick, Moskowitz and Richter, JJ.